UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LUIS DAVID CURMEN,

    Plaintiff,

-against-

UNITED STATES GOVERNMENT; MEXICAN
FEDERAL GOVERNMENT (NAFTA);
COLOMBIAN GOVERNMENT; UNITED
NATIONS

    Defendants.
----------------------------------X

Not for Publication

MEMORANDUM & ORDER

18-CV-1546(KAM)

**MATSUMOTO, United States District Judge:**

    Plaintiff Luis David Curmen ("plaintiff"), proceeding *pro se*, commenced the instant action on March 13, 2018 by filing a complaint ("Compl." or the "complaint," ECF No. 1) in this court. Plaintiff has paid the statutory filing fee to commence this action. For the reasons discussed below, the complaint is dismissed as frivolous.

### BACKGROUND

    In the section of the form complaint that prompts plaintiff to "[w]rite a short and plain statement of the claim[,]" plaintiff states the following:

> Political Corruption and Fraud, abuse of Identity in between governments, Discrimination, and harassment, by a group of politicians; Conspiracy changing information such as date of bir[th] and social security, incrimination for Drug traffic [sic] since I was born, main incrimination by Colombian Drug cartel involved in 8,000 Process [sic] for money laund[ering]; 1993 Colombian Drug lord abuse for speculation [sic]. I been use

> [sic] for illegal purposes such as. Prevaricate
> [sic], embezzlement, and appropriation, and
> Expropriation, by the government Of United States
> and Colombia, encrypted bank account from
> multiple bank institutions in Europe, and the
> United States, t[h]rough Racketeer influenced and
> corrupt organizations act R.I.C.O.

(Compl. at 4.)

The complaint also asserts that there is "a conspiracy against [plaintiff] and [his] family," which damaged plaintiff's "professional carrier [sic] life, ruin[ed] [his] life project, sexual abuse and harassment, discrimination, prostitution." (*Id.*)

Plaintiff further asserts that the Colombian government "create [sic] the situation deciding to use [plaintiff's] identity" for "illegal and corrupt purposes." (*Id.* at 6.)[1] Additionally, the complaint includes several statements apparently about "Plan Colombia," international narcotics enforcement operations, and United States foreign policy generally and foreign aid specifically, but the relevance of these statements to plaintiff's complaint is not clear. (*See id.* at 5-8.)

According to the complaint, the United Nations is named as a defendant

> because [a]t some point this war on drugs make
> the government to request many a Humanitarian
> Missions with United Nations by 1999 2002 [sic],

---

[1] Citations to specific page numbers in the complaint are with reference to the pagination generated by the ECF system.

2

> 2003, 2008 for massacre Violence and
> expropriation of natural resources, even I take a
> chance to mention the corruption and abuse of my
> identity with a prevaricate [sic] of U.S
> Colombian Inmate who [i]n November 1994, was
> indicted in the District Of Colorado, then in
> 2004 in the Easter[n] District Of New York, and
> again indicted in 2006 in Eastern District of New
> York.

(*Id.* at 7.)

The complaint also mentions the United States Department of Housing and Urban Development and its "section 8" voucher program, as well as certain activity by the Securities and Exchange Commission and the United States's antitrust lawsuit against Microsoft Corporation. (*Id.* at 7-8.) The relationship of these allegations to other aspects of the complaint is unclear.

Plaintiff states that the amount of damages that he is due is "incalculable." (*Id.* at 8.) Additionally, plaintiff requests that Loretta Lynch, former Attorney General of the United States, be interrogated by the Federal Bureau of Investigation and/or prosecuted, and that an order of extradition be sent to Luis Gustavo Moreno, the former National Director of Anti-Corruption in Colombia. (*Id.* at 9.)

In addition to the complaint, plaintiff has submitted a "statement as a complement for [his] complaint," which purports to "explain the method (modus operandi) to commit this fraud, and perform illegal actions on [sic] [his] name such as

3

drug traffic [sic][.]" ("Supp." or the "supplement," ECF No. 7-1.) In the supplement, plaintiff asserts that "two corporations (DynCorp, Glencore) part of the private sector 'technically' belong to [him]," and that

> [t]he Colombian private sector has been granted several times t[h]rough me; placing me as the owner of majority of the land, real state [sic], corporations, cargo ship, and business in general, and scamming me different ways, this corruption, tax avoidance, and manipulation of foreign debt, allows to cover money laundry [sic] with fraudulent bank accounts, matching the sum of money in the account, and the amount of cash out of drug profit; Trustees, leasing's [sic], contractors, end real state [sic], all of this product of narco-traffic, committed on [sic] my name.

(*Id.*)

The supplement further states that "[e]very time [plaintiff] come[s] to the [United States]," unspecified persons "take the profit from the stock market" and "go to" other countries, where they "open a legal process (for [plaintiff]) call pardon [sic]." (*Id.*) According to plaintiff,

> [t]his proves is the [sic] Federal agencies moving for me [sic] FBI, DEA, department of health and human services [sic], Department of housing and urban development [sic], because the incrimination [sic], and records [plaintiff] ha[s] were created by the government with the intention to defraud [plaintiff], or even the same government.

(*Id.*)

4

Plaintiff has also submitted a letter requesting that the court assist plaintiff in "contacting the government and the parties [he] sued." (Letter, ECF No. 7.) Because plaintiff's action is dismissed as frivolous, the court denies plaintiff the relief he seeks through the letter.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) and *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Additionally, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d

362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also* 28 U.S.C. § 1915(e)(2)(B) (providing statutory authority for the court to dismiss a frivolous action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid").

"An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

## DISCUSSION

Plaintiff appears to allege, in sum and substance, that the United States and Colombian governments, including officials at the highest levels of government in each country,

6

acting in concert with each other and possibly with other unspecified actors, stole plaintiff's identity. (See Compl. at 4, 6; Supp.) The means by which plaintiff's identity was allegedly stolen are not clear from the complaint, nor is purpose of the government officials' alleged actions, though plaintiff appears to assert that the harm he suffered bears some connection to drug trafficking, "Plan Colombia" and United States foreign policy more generally. (See Compl. at 6-7; Supp.)

To the extent they are even discernible, plaintiff's allegations are wholly incredible, irrational, and/or appear to be the product of delusion or fantasy. Accordingly, the allegations in plaintiff's complaint - even read liberally, and even if plaintiff subjectively believes them to be true - are frivolous, and plaintiff's complaint is dismissed. *See Hawkins-El III v. AIG Fed. Sav. Bank*, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee-paid frivolous complaint).[2]

---

[2] On May 14, 2018, the United States filed a letter requesting that the court "*sua sponte* dismiss this action" pursuant to 28 U.S.C. § 1915(e)(2)(B), or, in the alternative, grant the United States government leave to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and issue a scheduling order setting forth a briefing schedule for the motion. (Letter, ECF No. 6, at 1, 3.) The government's letter asserts that the court lacks subject matter jurisdiction because (i) no waiver of sovereign immunity applies to plaintiff's claims and (ii) plaintiff has failed to comply with applicable administrative exhaustion requirements under the Federal Tort Claims Act and Freedom of Information Act. (*See id.* at 2.) Although the government's requests set forth in its May 14, 2018 letter are moot in light of this order, the government's contentions set forth in it

7

Additionally, because the complaint is devoid of any basis in law or fact, defects that cannot be cured by amendment, plaintiff is denied leave to file an amended complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (noting that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied); *see also Sun v. N.Y. Office of Atty. Gen.*, No. 17-CV-5916, 2017 WL 4740811, at *2-3 (E.D.N.Y. Oct. 19, 2017) (dismissing fee-paid frivolous compliant and denying leave to amend).

## **CONCLUSION**

For the reasons set forth above, the instant action is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 362; *see also* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment, to serve a copy of this order, the judgment, and an appeals packet on plaintiff at the address of record, note service on the docket, and to close the case.

---

appear meritorious and would provide grounds to dismiss if motion practice proceeded.

8

Although plaintiff paid the filing fee to bring this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any in *forma pauperis* appeal from this order would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   May 22, 2018
         Brooklyn, New York

                                      /s/
                              Kiyo A. Matsumoto
                              United States District Judge